**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
AGUSTIN RUBIO-SUAREZ,               )
                                    )
          Petitioner,               )
                                    )          Civil Action
v.                                  )          No. 20-10491-PBS
                                    )
THOMAS HODGSON,                     )
                                    )
          Respondent.               )
_____)

**ORDER**

April 17, 2020

Saris, D.J.

        Petitioner Agustin Rubio-Suarez brought a habeas petition
seeking relief pursuant to this Court's declaratory judgment in
Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019) ("Brito").
Petitioner argues that his immigration bond hearing did not meet
due process standards because the Government's evidence
regarding dangerousness was "insufficient as a matter of law."
Dkt. No. 1 at 1. Petitioner claims he was prejudiced by this
error and so is entitled to release from custody or a new bond
hearing.

        Respondent has moved to dismiss the petition for lack of
subject-matter jurisdiction. (Docket No. 8). Respondent argues
that the petition impermissibly challenges the discretionary

1

determination of an immigration judge. For the reasons stated below, the Court hereby **DENIES** the Respondent's motion to dismiss (Docket No. 8) and **DENIES** the petition (Docket No. 1).

## LEGAL FRAMEWORK

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

415 F. Supp. 3d at 271. The Court held that class members who had received an unlawful hearing could seek relief by "show[ing] prejudice via an individual habeas petition." Brito v. Barr, 395 F. Supp. 3d 135, 148 (D. Mass. 2019).

**FACTS**

The following facts are undisputed, except where stated otherwise.

Petitioner is a citizen of Mexico. Petitioner alleges that he entered the United States in early 2010, while Respondent claims he entered the United States in March 2012. Petitioner resides in Springfield, Massachusetts with his long-term partner and their two U.S. citizen children. Petitioner operates a roofing company.

Petitioner was arrested and cited multiple times between 2012 and 2020. Petitioner has been held in immigration detention since January 3, 2020. He received a bond hearing on March 4, 2020.

At the hearing, the Immigration Court placed the burden of proof upon the Government. The Government presented Petitioner's Record of Deportable/Inadmissible Alien ("I-213 Form"), results from national databases, and three police reports. The first police report, from September 2019, alleged Assault and Battery on the Petitioner's longtime partner. According to the report, the Petitioner attempted to pull his partner out of her car

during an argument. The partner fled, contacted the police, and allegedly informed the police that the Petitioner had "a history of physical with her." Docket No. 1-3 at 7. The Government represented at the bond hearing that the case remained open, although the case had been dismissed in December 2019 after Petitioner's partner asserted her Fifth Amendment rights.

The second police report, from May 2019, alleged Assault in the Third Degree arising from a fight among a group of men outside of a sandwich shop. According to the report, the Petitioner and other individuals repeatedly struck another man. The Government represented at the bond hearing that the case remained open, although the case had been nolle prossed in January 2020.

The third police report, from May 2018, alleged that the Petitioner was driving under the influence of alcohol. Petitioner now argues that this case will be dismissed and remains open only because ICE failed to transport him to state court on his January 2020 court date.

At the bond hearing, the Government also stated that the Petitioner had a conviction from a prior Operating Under the Influence (OUI) but provided no evidence to support the allegation.

As rebuttal, the Petitioner provided docket sheets indicating that the September 2019 charge had been dismissed and

4

the May 2019 charge had been <u>nolle prossed</u>. Petitioner also provided evidence of his community involvement and an affidavit in support from his partner. Finally, Petitioner argued that the police reports provided by the Government were insufficient as a matter of law to establish dangerousness by clear and convincing evidence.

At the conclusion of the hearing, the immigration judge found that the Government met its burden to show that Petitioner was a danger to the community and that no conditions of release could reasonably assure the safety of the community.

<u>**DISCUSSION**</u>

Respondent argues that the Court should dismiss the petition for lack of subject-matter jurisdiction, because the petition seeks judicial review of an immigration judge's discretionary decision. Petitioner responds that this Court has jurisdiction to determine whether, as a matter of law, certain types of evidence can establish dangerousness under a clear and convincing standard at an immigration bond hearing. Specifically, Petitioner argues that "police reports for dismissed and pending cases" cannot constitute clear and convincing evidence of dangerousness at such hearings, regardless of the contents of the reports. Dkt. No. 9 at 3-4.

## I.   **Subject-Matter Jurisdiction**

Federal courts generally do not have jurisdiction to review
"discretionary judgment[s] regarding the application of" 8
U.S.C. § 1226. 8 U.S.C. § 1226(e); see also id. ("No court may
set aside any action or decision . . . under this section
regarding the detention or release of any alien or the grant,
revocation, or denial of bond or parole."); Demore v. Kim, 538
U.S. 510, 518-22 (2003).

However, courts may consider habeas petitions arguing that
"the exercise of discretion in denying bond was so arbitrary
that it would offend fundamental tenets of due process." See
Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)
(citation omitted). Courts may also consider petitions arguing
that the type of evidence presented at a bond hearing "'could
not – as a matter of law – have supported' the immigration
judge's decision to deny bond." Id. at 143 (quoting Hechavarria
v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); see also
Henry v. INS, 74 F.3d 1, 4 (1st Cir. 1996) ("Adjudicatory
tribunals can exceed grants of discretion – even ringing grants
of broad, essentially standardless discretion - . . . by
attaching weight to a factor that does not appropriately bear on
the decision.").

The Court has jurisdiction to address Rubio-Suarez's
petition, insofar as he argues that the type of evidence

presented at his bond hearing could not, as a matter of law, have supported the immigration judge's decision to deny bond.

## II.  **Use of Police Reports to Establish Dangerousness**

Petitioner argues that, as a matter of law, "police reports for dismissed and pending cases" can never establish clear and convincing evidence of dangerousness in an immigration bond hearing. The Court disagrees.

Immigration judges may consider evidence of criminal activity such as criminal complaints and arrests, even if they did not result in convictions. Henry, 74 F.3d at 6. While the "mere _fact_ of prior arrests not yet having led to convictions [is] supported at most by probable cause," evidence related to prior arrests can be weighed in making a dangerousness determination. See United States v. Robinson, 820 F. Supp. 2d 146, 150 & n.3 (D. Mass. 2011) (emphasis added); see also Henry, 74 F.3d at 6 ("[W]hile an arrest, without more, is simply an unproven charge, the fact of the arrest, and its attendant circumstances, often have probative value in immigration proceedings."). Hearsay can be considered during immigration proceedings, though "[h]ighly unreliable hearsay might raise due process problems." See Yongo v. INS, 355 F.3d 27, 30-31 (1st Cir. 2004).

At Petitioner's bond hearing, the Government presented not only the _fact_ of Petitioner's prior arrests, but also police

reports regarding those arrests. Petitioner has not argued that the hearsay evidence within the reports was so inherently unreliable that its use violated due process. Rather, Petitioner argues that, categorically and as a matter of law, evidence within police reports for dismissed and pending charges can never establish dangerousness under a clear and convincing standard. Petitioner cites no controlling precedent for this position. Cf. United States v. Brunette, 839 F. Supp. 2d 449, 453 & n.3 (D. Mass. 2012) (holding government had not established dangerousness where it merely proffered the fact of defendants' indictment, with no supporting evidence, hearsay or otherwise, regarding the alleged conduct). Accordingly, Petitioner has not established that the Immigration Court's use of "police reports for pending and dismissed charges" to assess dangerousness constituted error as a matter of law.[1]

## CONCLUSION

The Respondent's motion to dismiss for lack of subject-matter jurisdiction (Docket No. 8) is **DENIED**, as this Court may determine whether Petitioner's bond hearing violated his due process rights. However, Petitioner has failed to demonstrate

---

[1] The Government concedes that administrative exhaustion is not statutorily required in this case. Dkt. No. 8 at 13. The Court declines to consider the parties' exhaustion-related arguments, given the above holding regarding Petitioner's due process challenge.

that such a violation occurred. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **DENIED**.


SO ORDERED.


                                  /s/ PATTI B. SARIS
                                  Patti B. Saris
                                  United States District Judge